PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENDRA SMITH, | ) | |
| | ) | CASE NO. 5:12cv2675 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STERLING JEWELERS, INC., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 9] |

This matter is before the Court upon the Motion to Stay Proceedings Pending Mandatory
Alternative Dispute Resolution filed by Defendants Sterling Jewelers, Inc., Kay Jewelers, and
John Minnick ("Defendants"). ECF No. 9. The Court has been advised, having reviewed the
record, the parties' briefs and the applicable law. For the reasons that follow, the Court grants
Defendants' motion.

## I. Background

Plaintiff was 19 when first hired by Defendants to work as a store sales associate. ECF
No. 14-1 at 1. Subsequently she was laid off and was rehired. ECF No. 14-1 at 1. Both times,
Plaintiff filled out an employment application and then, after being hired, signed an Arbitration
Agreement. ECF No. 14 at 1-2.

Plaintiff alleges that during her employment she was repeatedly victimized by extreme
and outrageous acts by her supervisor, Minnick. ECF No. 14 at 1. Plaintiff alleges she
complained on three occasions to Defendants, but that they failed to investigate or stop the
incidents. ECF No. 1 at 4. Furthermore, Plaintiff alleges, Minnick began to retaliate against her

(5:12cv2675)

because of her complaints.  ECF No. 1 at 5.  Eventually, Minnick accused Plaintiff of "re-ringing

sales."  ECF No. 1 at 6.  As a result, Defendants terminated Plaintiff.  ECF No. 1 at 6.

Plaintiff filed a Complaint in the instant Court on October 25, 2012, alleging multiple

violations Title VII and analogous State law claims (ECF No. 1).  On November 19, Defendants

filed a motion to stay the proceedings pending mandatory dispute resolution (ECF No. 9) as per

the Arbitration Agreement.

## II.  Legal Standard

The Federal Arbitration Act ("FAA") supports the use of arbitration to resolve disputes

arising in the workplace.  Regarding the use of arbitration to resolve workplace issues, the FAA

states:

> [a] written provision in . . . a contract evidencing a transaction involving
> commerce to settle by arbitration a controversy thereafter arising out of such
> contract or transaction, or the refusal to perform the whole or any part thereof, or
> an agreement in writing to submit to arbitration an existing controversy arising out
> of such a contract, transaction, or refusal, shall be valid, irrevocable, and
> enforceable, save upon such grounds as exist at law or in equity for the revocation
> of any contract.

*See* 9 U.S.C. § 2.

In light of this policy, the U.S. Supreme Court "has construed the FAA as establishing a

liberal policy in favor of arbitration."  *See Orcutt v. Kettering Radiologists, Inc.*, 199 F. Supp.2d

746, 750 (S.D. Ohio 2002) (citing *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)); *see

also Haskins v. Prudential Insurance Company of America*, 230 F.3d 231, 235 (6th Cir. 2000)

(overruled on other grounds)).  "It is settled authority that doubt regarding the applicability of an

arbitration clause should be resolved in favor of arbitration."  *See Stout v. J.D. Byrider*, 228 F.3d

2

(5:12cv2675)

709, 715 (6th Cir. 2001) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).[1]  Moreover, as per the FAA, arbitration agreements in the employment context are enforceable.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (determining that 9 U.S.C. § 1 only excludes transportation workers); *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498-99 (6th Cir. 2004) (Title VII claims may be subjected to binding arbitration).  Ohio law additionally favors arbitration.  *See Gaffney v. Powell*, 668 N.E.2d 951, 954 (Ohio Ct. App. 1995) ("As a matter of policy, the [Ohio] law favors and encourages arbitration."); *McGuffey v. LensCrafters, Inc.*, 749 N.E.2d 825, 832-833 (Ohio Ct. App. 2001) ("Ohio public policy . . . generally favors arbitration as a means to settle disputes.").

### III. Discussion

Plaintiff concedes that she signed the agreement at issue.  ECF No. 14-1 at 1.  She did so to "get paid and keep [her] job."  ECF No. 14-1 at 1.  Now, Plaintiff argues that the agreement is invalid because it is unconscionable.  ECF No. 14 at 3.  Arbitration agreements are reviewed

---

[1]  Plaintiff asserts that "the court may grant the motion [to arbitrate] only if the party opposing the motion cannot raise a 'genuine issue of material fact as to the validity of the agreement to arbitrate,' and that if such a factual issue is raised the dispute must go to trial.  ECF No. 14 at 2.  However, Plaintiff does not raise a genuine issue as to the validity of the agreement as that issue is defined by the case law she cited.  *E.g. Mazera v.Varsity Ford Management Servs.*, 565 F.3d 997 (6th Cir. 2009) (fact issues regarding lack of bargaining power, absence of attorney, and inequitable bargaining power are not sufficient reasons to place at issue the validity of the agreement); *Great Earth Companies v. Simons*, 288 F.3d 878, 889-90 (6th Cir. 2002) (when considering whether a valid agreement exists, courts may consider only claims concerning the validity of the arbitration clause itself; "the party opposing the petition to compel arbitration must state a "well-founded claim of fraud in the inducement of the arbitration clause itself, standing apart from the whole agreement, that would provide grounds for the revocation of the agreement to arbitrate.") (citing *Arnold v. Arnold Corp.-Printed Communications For Business*, 920 F.2d 1269, 1278 (6th Cir. 1990).  Plaintiff blames her youth and desires to be paid and remain employed but does not claim fraud in the inducement.  ECF No. 14-1 at 1.

3

(5:12cv2675)

according to applicable State contract law, including the issue of unconscionability.  *See*

*Seawright v. American General Financial Services, Inc.*, 507 F.3d 967, 972 (6th Cir. 2007)

(citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)); *Doctor's Associates,*

*Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

Unconscionability generally is recognized to include an absence of meaningful choice on

the part of one of the parties and contract terms that unreasonably favor the other party.  *Cross v.*

*Carnes*, 724 N.E.2d 828, 837 (Ohio Ct. App. 1998).  To prevail, a plaintiff bears the burden of

demonstrating that the arbitration agreement is both procedurally and substantively

unconscionable.  *Hayes v. Oakridge Home*, 122 Ohio St. 3d 63, 67 (2009).  Both prongs must

exist to find a contract unconscionable.  *Jeffrey Mining Prod., L.P. v. Left Fork Mining Co.*, 758

N.E.2d 1173, 1181 (Ohio Ct. App. 2001).

**A.  Procedural Unconscionability**

Plaintiff alleges the agreement is unconscionable because she had little experience and

education; Defendants never explained the meaning of the agreement; failure to sign the

agreement would result in losing her job or not getting hired; she did not have time to consult

with an attorney before signing the agreement; and she was not provided with the rules of the

arbitration program.[2]  ECF No. 14 at 6.

Defendants argue that Plaintiff's age and lack of experience and education in addition to

Defendants' failure to explain the agreement to her are without merit, and, further, that Plaintiff

---

[2]  The employment application also noted applicants' agreement to be bound by the
arbitration process before signing.  ECF No. 9-2 at 12.

(5:12cv2675)

"offers no explanation for how these circumstances made a voluntary meeting of the minds

impossible." ECF No. 15 at 5.  Indeed, the affidavit submitted by Plaintiff does not assert she

did not understand the agreement.  ECF No. 14-1.  Thus, it is difficult to say that these facts

would necessitate a finding that Plaintiff did not agree to be bound by the agreement she signed.

*See e.g. Hayes*, 908 N.E.2d at 413-14 (95 year-old plaintiff signing an arbitration agreement upon

admittance to a nursing home, agreement noted she had a right to confer with counsel before

signing; agreement not procedurally unconscionable); *McCaskey v. Sanford-Brown College*,

*2012 WL 1142880 at *5 (Ohio App. Ct. April 5, 2012*); (young student with little business

acumen unfamiliar with arbitration provisions given little time to read and understand document

did not render agreement procedurally unconscionable; "[t]here is no evidence that he was

prevented from reading the contract before signing or that he is incapable of understanding the

document based on a mental or physical impairment."); *Lynn v. McKinley Ground Transport*,

*923 N.E.2d 638, 641 (Ohio Ct. App. 2009)* (modest education of employee not sufficient for

procedural unconscionability; "[i]f this reason was sufficient to invalidate an arbitration

agreement, there would be no agreement that could withstand such strict scrutiny save a

corporate executive-employment agreement."); *ABM Farms, Inc. v. Woods*, 692 N.E.2d 574, 578

(Ohio 1998) ("The law does not require that each aspect of a contract be explained orally to a

party prior to signing.").  Moreover, Defendants' failure to provide Plaintiff with rules of the

American Arbitration Association does not render the agreement unconscionable.[3]  *See e.g.*,

---

[3] Defendants note that the applications Plaintiff signed made an express provision for
requesting the rules:

(5:12cv2675)

*Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 325 (6th Cir. 1998) (rejecting

unconscionability argument based upon non-receipt of rules).

Lastly, Plaintiff's argument that she had no choice but to sign the agreement or face

losing her job (ECF No. 14 at 6) is without merit based upon the facts presented.  *See Morrison*

*v. Circuit City Stores*, 70 F. Supp. 2d 815, 822 (S.D. Ohio 1999) (aff'd 317 F.3d 646 (6th Cir.

2003)) ("[i]f [the applicant] disagreed with anything contained in the application she was free to

simply look elsewhere for employment.  When a party…voluntarily *agrees* to something in an

attempt to obtain employment, they are not being 'forced' to do anything." (citing *EEOC v.*

*Frank's Nursery & Crafts*, 966 F.Supp. 500, 504 (E.D.Mich. 1997) ( rev'd on other grounds, 177

F.3d 448, 454–55 (6th Cir. 1999) (emphasis in original)).

**B.  Substantive Unconscionability**

**1.  The Silence On the Issue of Payment of Fees in the Agreement does not Render it Unconscionable**

Plaintiff alleges that because the arbitration agreement is silent on the issue of the

payment of fees and costs by the employee, it is unconscionable because Plaintiff would be

unable to accurately predict her financial liability in pursuing arbitration.  ECF No. 14 at 11.

Defendants assert that the agreement states that "Sterling will pay $25.00 of the Employee's

arbitration filing fee as imposed by the American Arbitration Association," and that Plaintiff fails

---

IF YOU WOULD LIKE A COPY OF THE ADR PROGRAM PRIOR TO
EXECUTING THIS APPLICATION, PLEASE CONTACT 1-800-394-4205
AND REQUEST A COPY.
ECF Nos. 15 at 6; 9-2 at 12.

(5:12cv2675)

to sustain her burden of establishing that the likelihood of her incurring costs is sufficient to render the agreement unconscionable.  ECF No. 15 at 11; 9-2 at 5.

"Where . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 659 (6th Cir. 2003) (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000)); *Mazera v. Varsity Ford Management Services, LLC*, 565 F.3d 997, 1004 (6th Cir. 2009).  An employee must show that "the potential costs of arbitration are great enough to deter [potential litigants] and similarly situated individuals from seeking to vindicate their federal statutory rights in the arbitral forum." *Morrison*, 317 F.3d at 663.  "The issue is whether the terms of the arbitration agreement itself would deter a substantial number of similarly situated employees from bringing their claims in the arbitral forum." *Id.* at 664-5.  Because the terms of the arbitration agreement itself are silent as to the costs imposed upon employees, it cannot be said that the terms of the agreement would deter an employee from bringing her claims in the arbitral forum. *See Green Tree*, 531 U.S. at 91 ("The record reveals only the arbitration agreement's silence on the subject [of costs], and that fact alone is plainly insufficient to render it unenforceable.  The 'risk' that [the employee] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement.").

Neither the agreement or the parties' pleadings inform the Court of the costs of arbitration.  Thus, the Court finds, based upon the record before it, that the possibility that costs are prohibitive is too speculative to encourage a ruling in Plaintiff's favor.

7

(5:12cv2675)

**2. The One-Year Time Limit to Commence Arbitration Does Not Render the Agreement Unconscionable**

Plaintiff argues that the agreement's one-year time limit to commence arbitration is unconscionable because it impermissibly shortens the six-year statute of limitations applicable to Plaintiff's State law claims.  ECF No. 14 at 13.  Defendants argue that courts routinely find that contractual limitations periods of one year or less are reasonable.  ECF No. 15 at 12.  Defendants further point out that the one-year limitations period is longer than the limitations period applicable for filing charges of discrimination with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5.  ECF No. 15 at 12.

The Sixth Circuit has found that contractual limitations periods of one year or less are reasonable.  *See Morrison*, 317 F.3d at 673 n.16 (one year limitations period in employment arbitration agreement was reasonable); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357 (6th Cir. 2004) ("there is nothing inherently unreasonable about a six-month limitations period contained in an employment agreement."); *Myers v. Western-S. Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) (enforcing six month limitations period in age and disability discrimination lawsuit).

**3. The Agreement Was Not Enforced in Order to Favor Defendant**

Plaintiff asserts that the agreement was not mutually enforced because, although Defendants agree to utilize arbitration for any claims against Plaintiff, Defendants "disregarded this arbitration promise" when they terminated Plaintiff after she was accused by them of embezzlement.  ECF No. 14 at 4.  Plaintiff asserts Defendants should have submitted the matter to arbitration.  ECF No. 14 at 4.  Defendants note that they did not pursue a remedy against

8

(5:12cv2675)

Plaintiff at all, let alone outside the arbitration process, and that they were free to terminate her because she was an at-will employee.  ECF No. 15 at 11.  Defendant's decision to terminate Plaintiff without any additional action is permissible and not indicative of an unbalanced enforcement of the arbitration process.

Lastly, Plaintiff contends that the arbitration process should have been triggered when Plaintiff filed two internal complaints and called Defendants' hotline.  ECF No. 14 at 4-5. Defendants inform that Plaintiff did not make a demand in writing to the program administrator as required by the agreement.  ECF No. 15 at 11; 9-2 at 5.  The agreement clearly requires an employee to make a written demand to the program administrator.  ECF No. 9-2 at 5.  Plaintiff's argument that Defendant did not respond to her attempt to initiate the program are, therefore, without merit.

## IV.  Conclusion

For the reasons stated above, the Court grants Defendants' Motion to Stay Proceedings Pending Mandatory Alternative Dispute Resolution (ECF No. 9).  This matter is stayed until the arbitration is completed.  Counsel will provide the Court with a status report as to the arbitration proceedings every forty-five (45) days hence until the earlier of the end of the arbitration or stay. The parties will advise the Court within fifteen (15) days of the completion of the arbitration.

IT IS SO ORDERED.


  January 24, 2013                       /s/ Benita Y. Pearson
Date                                Benita Y. Pearson
                                    United States District Judge

9